**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| PETRIE CONSTRUCTION, LLC, | * |
| Petitioner, | * |
|  | * |
| v. | * |
|  | *     Civil No. 25-1825-BAH |
| PERFECT GROUP, LLC ET AL., | * |
| Respondent. | * |
|  | * |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**MEMORANDUM OPINION**

Petitioner Petrie Construction, LLC ("Petitioner") filed a petition to confirm an arbitration award against Respondents Perfect Group, LLC ("Perfect Group"), Indus, LLC ("Indus"), and Kannan Nagarajan ("Nagarajan") (collectively "Respondents"). ECF 1. Pending before the Court is Petitioner's motion for alternative service. ECF 6. Petitioner's filing also includes exhibits reflecting attempts at service.[1] *See* ECF 6-3. The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). Accordingly, for the reasons stated below, Petitioner's motion is **GRANTED** in part.

## I.    LEGAL STANDARD

Rule 4(e) of the Federal Rules of Civil Procedure governs service on an individual. Rule 4(e)(2) provides that an individual "within a judicial district of the United States" may be served a summons and complaint by personal delivery, delivery to an agent authorized to receive service of process, or by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Rule 4(e)(1) provides, in pertinent part,

---

[1] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

that an individual defendant may also be served pursuant to "state law . . . in the state where the district court is located or where service is made." Fed R. Civ. P. 4(e)(1); *see also Hecker v. Gamer*, Civ. No. 22-cv-2152-JMC, 2023 WL 1415957, at *1 (D. Md. Jan. 31, 2023) ("[An] individual may be served by any means allowed by the state where the district court is located *or* the state where service is to be effected." (emphasis added) (citations omitted)).

In Maryland—the state where the district court is located—service of process may be effected upon an individual by personal delivery, "leaving a copy of the summons, complaint, and all other papers filed with it at the individual's dwelling house or usual place of abode with a resident of suitable age and discretion," or by mailing these documents to the individual "by certified mail requesting: 'Restricted Delivery—show to whom, date, address of delivery.'" Md. Rule 2-121(a). Maryland Rule 2-121(b) applies when defendants are evading service, and provides that:

> When proof is made by affidavit that a defendant has acted to evade service, the court may order that service be made by mailing a copy of the summons, complaint, and all other papers filed with it to the defendant at the defendant's last known residence and delivering a copy of each to a person of suitable age and discretion at the place of business of the defendant.

Additionally, when "proof is made by affidavit that good faith efforts to serve the defendant pursuant to [Md. Rule 2-121(a)] have not succeeded and that service pursuant to [Md. Rule 2-121(b)] is inapplicable or impracticable, the court may order any other means of service that it deems appropriate in the circumstances and reasonably calculated to give actual notice." Md. Rule 2-121(c). *See Vinny's Towing & Recovery v. KBI Sols., LLC*, Civ. No. 24-1044-BAH, 2024 WL 4826250, at *2 (D. Md. Nov. 18, 2024).

In Florida—the state where service is to be effected—"[s]ervice of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other

2

initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." Fla. Stat. Ann. § 48.031(1)(a).  Under § 48.161 of the Florida Statutes, substituted service may be made on an individual or corporation concealing their whereabouts. *See Shnaider v. Am. Muslims for Palestine*, No. 8:24-CV-01067-MSS-SPF, 2025 WL 2418473, at *3 (M.D. Fla. Aug. 21, 2025). Subsection (1) of that provision provides that substituted service "may be made by sending a copy of the process to the office of the Secretary of State." Fla. Stat. Ann. § 48.161(1).  Specifically, "[s]uch process must be issued in the name of the party to be served, in the care of the Secretary of State, and must be made by personal delivery; by registered mail; by certified mail, return receipt requested; by use of a commercial firm regularly engaged in the business of document or package delivery; or by electronic transmission." *Id.*

Section 48.161 provides that "[w]hen an individual or a business entity is a nonresident *or* conceals his, her, or its whereabouts, the party seeking to effectuate service may, after exercising due diligence to locate and effectuate personal service, use the substituted service method specified in subsection (1) in connection with any action in which the court has jurisdiction over the individual or business entity." Fla. Stat. Ann. § 48.161(2) (emphasis added).  As noted, subsection (1) in turn allows for substituted service, among other means, "by electronic transmission." *Id.* § 48.161(2).  A number of procedural requirements must also be met to use substituted service under the provision. *See id.* § 48.161(3)–(4).  Valid service under the provision requires "strict compliance" with such requirements. *Westchester Fire Ins. Co. v. M&C Express Transp., Inc.*, No. 5:24-CV-446-JSM-PRL, 2025 WL 1726247, at *3 (M.D. Fla. June 20, 2025) (quoting *City of Jacksonville v. Arrigato, Inc.*, No. 3:10-cv-211-J-32MCR, 2010 WL 3069135, at *1 (M.D. Fla. Aug. 4, 2010)).

3

Rule 4(h) of the Federal Rules of Civil Procedure governs service on a limited liability company. If "in a judicial district of the United States," such an entity must be served either (1) "in the manner prescribed by Rule 4(e)(1) for serving an individual" or (2) " by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.". Fed. R. Civ. P. 4(h)(1)(A)–(B). If such an entity is not being served at a place within any judicial district of the United States, then service may be effectuated "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2).

Finally, "[t]o pass constitutional muster, notice must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Timilon Corp. v. Empowerment Just. Ctr. Corp.*, Civ. No. DKC-23-1134, 2023 WL 5671616, at *3 (D. Md. Sept. 1, 2023) (first citing *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950); and then citing *Elmco Props., Inc. v. Second Nat'l Fed. Sav. Ass'n*, 94 F.3d 914, 920–21 (4th Cir. 1996)). This Court has before recognized that "[w]hile personal service is the preferred method, Maryland Rule 2-121(c) allows the Courts to customize a method of service specifically for the situation before it." *Fid Nat'l Title Ins. Co. v. M&R Title, Inc.*, Civ. No. 12-148-PWG, 2013 WL 12423808, at *2 (D. Md. Feb. 15, 2013).

## II.    **BACKGROUND**

On June 9, 2025, Petitioner filed a petition to enforce an arbitration award against Respondents. ECF 1. However, Petitioner has encountered difficulties serving Respondents and requests the Court authorize service by emailing the relevant documents to the email address known to be used by Nagarajan.

According to Petitioner, Perfect Group is a dissolved Mississippi limited liability company formerly located at the registered address 100 Industrial Parkway, Lumberton, Mississippi 39455, a location which is now an abandoned and vacant warehouse. ECF 6-3, at 1 ¶ 2. Perfect Group's resident agent is Rekha Kannan, who allegedly resides at Quail Roost Drive, Weston, Florida 33327 (the "Quail Roost Property"). *Id.* at ¶ 3. Perfect Group's members include Rekha Kannan and Suganth Kannan, but Suganth Kannan's current whereabouts are unknown to Petitioner. *Id.* at ¶ 4. Nagarajan is apparently married to Rekha Kannan. *See id.* at 1 ¶¶ 3–5, at 3–4 ¶ 18. Indus is a Florida limited liability company with a principal office listed at 304 Indian Trace, Suite 716, Weston, Florida 33326 (the "Indian Trace Address"). *Id.* at 2 ¶ 6. However, that address corresponds not to an Indus office but to a UPS store, where Indus maintains a private mailbox. *Id.* at ¶ 7. Nagarajan is the sole member and owner of Indus and is its resident agent.[2] *Id.* at ¶ 8. Petitioner does not know of any alternative address for Respondents other than the Quail Roost Property and the UPS mailbox at the Indian Trace Address. *See id.* at 3–4 ¶ 18.

Petitioner reports that it has put forth extensive efforts to serve Respondents. First, Petitioner attempted to service via a directed process served at the Quail Roost Property on June 21, 27, 30, and July 1 and 5 of 2025. *Id.* at 3 ¶ 13. Petitioner next sent emails, certified mail, and

---

[2] Petitioner's counsel represents that "Nagarajan served as Vice President of Operations for Perfect Group and is authorized to accept service on its behalf." ECF 6-3, at 2 ¶ 9 n.1. Accordingly, Petitioner asserts that service on Nagarajan would constitute service on all Respondents in this action. *Id.* at ¶ 9. In ruling on this motion, the Court does not conclude whether serving Nagarajan constitutes valid service on Perfect Group.

The Court further observes that in an exhibit to the pending motion, the process server indicated on September 18, 2025, that the listed agent for Perfect Group is "Northwest Registered Agent LLC . . . located at 7901 4th St N, STE 300, St Petersburg, FL 33702." ECF 6-3, at 81. Petitioner does not discuss the import of this information, but it appears that the stated address corresponds with a different entity in the Florida Department of State's corporations records search website, "The Perfect Group LLC."

FedEx packages on or about July 19, 2025, requesting that Respondents waive service. *Id.* at ¶ 14. According to Petitioner, the mailed packages were returned undeliverable, and no response was received. *Id.* Petitioner sent follow-up emails throughout July, August, September, and October of 2025, but received no response. *Id.* at ¶ 15. Additionally, Petitioner's counsel attempted to reach Nagarajan by phone in September and October but received no answer and was not able to leave a voicemail. *Id.* at ¶ 16. A second round of personal service on Nagarajan was attempted on August 27 and 29, and September 10, 12, 13, 16, and 18. *Id.* at ¶ 17. During those visits, the process server reported hearing noise and observed movement within the Quail Roost Property. *Id.*; *see also, e.g.*, ECF 6-3, at 61 ("lights on noises inside avoiding").

Petitioner notes that Nagarajan is an active litigant in a separate matter, *Nagarajan v. Petrie Construction, LLC, et al.*, No. 1:24-cv-00897-TDS-JEP (M.D.N.C.) (the "North Carolina Litigation"). In that case, Nagrajan has consistently used an email to communicate with opposing counsel and the court. *See* ECF 6-1, at 4 ¶ 21. Moreover, in recent filings in the North Carolina Litigation, Nagarajan appears to have acknowledged the existence of this case, despite not having responded to Petitioner's attempts at service thus far. *See id.* at ¶ 19.

Rule 4(m) requires a Petitioner to serve a defendant "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). Petitioner failed to effectuate service within that timeline, but filed its motion for alternative service on October 20, 2025, requesting that the Court permit alternative service and extend the service deadline by 90 days. *See* ECF 6. On January 20, 2026, the Court received correspondence from Petitioner requesting the Court to reissue summonses and extend the time for service to permit Petitioner to undertake additional attempts at personal service while the motion was pending. *See* ECF 9, at 3. The Court reviewed that correspondence and extended the service deadline ninety days from January 21, 2026, providing the Petitioner until April 21,

6

·2026 to continue attempts at service.[3] *See* ECF 10. The Court now resolves the pending motion for alternative service.

## III.    <u>ANALYSIS</u>

In this case, all Respondents reside or are suspected to currently reside in Florida.[4] Because Petitioner has not been able to effectuate service on Respondents pursuant to the methods provided in Rule 4(e)(2), Petitioner requests that the Court authorize service on them by email.

Petitioner argues that it "has exercised extensive diligence to locate and serve Respondents, undertaking a series of good-faith efforts" that satisfy state law. ECF 6-1, at 10. Such efforts included "numerous in-person attempts at the Quail Roost Road residence (where the process server observed movement and other signs of occupancy but no one answered the door), multiple certified-mail and FedEx deliveries that went unclaimed, repeated waiver requests that were ignored, and several unreturned email communications to the same address through which Mr. Nagarajan regularly communicates with the Middle District of North Carolina" in another pending matter before that court. *Id.* Petitioner further argues that service at Nagarajan's other known addresses is "plainly futile" because the property at 100 Industrial Parkway Road in Mississippi, the former business address for Perfect Group, LLC, is abandoned, "a fact that Mr. Nagarajan admitted during the arbitration hearing." *Id.* Moreover, the address listed for Indus, "304 Indian Trace, Suite 716 in Weston, Florida," is a UPS location "where the company maintains only a

---

[3] The Court permitted Petitioner to use the previously issued summonses, ECF 3, for service. *See* ECF 10. Pursuant to the Clerk's quality control notice, ECF 8, the Clerk can only re-issue summons if there is a change in the service address.

[4] Although Perfect Group, LLC is a Mississippi limited liability company, Petitioners report that it has now been administratively dissolved and that its former principal office is now unoccupied. ECF 6-1, at 7 n.1.

private mailbox and no physical presence." *Id.* Consequently, Petitioner asserts that "the Quail Roost Road residence remains the only viable address for personal service" on Nagarajan.

Petitioner's affidavits show that it has made "good faith efforts" to serve Respondents via private process server on at least twelve occasions at the Quail Roost Property. *See* Md. Rule 2-121(c); ECF 6-3, at 3 ¶¶ 13–17; *cf. Timilon Corp. v. Empowerment Just. Ctr. Corp.*, Civ. No. DKC-23-1134, 2023 WL 5671616, at *2 (D. Md. Sept. 1, 2023) (granting motion for alternative service after nine unsuccessful service attempts); *Metro. Life Ins. Co. v. GoPaul*, No. 21-CV-02454-LKG, 2022 WL 22936598, at *1 (D. Md. Mar. 2, 2022) (granting motion for alternative service after at least 12 unsuccessful service attempts). Moreover, Nagarajan's communications in the related case, taken together with the process server's observations at the Quail Roost Property, suggest that Nagarajan is taking "affirmative steps to evade service." *See Scott v. Lori*, Civ. No. ELH-19-2014, 2020 WL 4547960, at *3 (D. Md. Aug. 6, 2020). The Court thus agrees that ordinary service according to the Federal, Maryland, or Florida Rules cannot be accomplished, and accordingly the Court "may order any other means of service that it deems appropriate in the circumstances and reasonably calculated to give actual notice."[5] Md. Rule 121(c).

However, the Court is not persuaded the service through email passes constitutional muster under these circumstances, and Petitioner does not direct the Court to any case law permitting service to be effectuated by email under any of the governing rules it invokes. *See* ECF 6-1, at 11 (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002) (affirming service of process effected via email and regular mail pursuant to Federal Rule of Civil Procedure 4(f)(3),

---

[5] Although Petitioner primarily advances arguments for alternative service under Florida law, the Court is not convinced by the motion that Petitioner is prepared to comply with all requirements indicated in the Florida law it invokes. Accordingly, the Court assesses Petitioner's motion primarily under Maryland law.

8

applicable to serving an individual in a foreign country); *In re Int'l Telemedia Assocs., Inc.*, 245 B.R. 713 (Bankr. N.D. Ga. 2000) (concluding electronic mail appropriate to effect service under Rule 4(f)(3) as incorporated by Federal Rule of Bankruptcy Procedure 7004); *Nat'l Ass'n for Stock Car Auto Racing, Inc. v. Does*, 584 F. Supp. 2d 824 (W.D.N.C. 2008) (determining that publication on a website was sufficient to pass muster under *Mullane*)). "When available, the combination of the two service options of mailing to the last known address and posting service on the door of that address, sometimes referred to as 'nail and mail,' continuously has been found to provide the constitutionally required level of notice in a situation demanding alternative service." *Timilon Corp.*, 2023 WL 5671616, at *3 (quoting *Fid. Nat'l Title Ins. Co. v. M&R Title, Inc.*, No. PWG-12-148, 2013 WL 12423808, at *2 (D. Md. Feb. 15, 2013)). Based on the attached exhibits, and Nagarajan's filings in the North Carolina Litigation, *see, e.g.*, ECF 6-3, at 15 (listing his address as the Quail Roost Property), the "nail and mail" method at the Quail Roost Property is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314.

On January 20, 2026, Petitioner requested that the service deadline be extended while this motion was pending in order to continue to attempt service on Respondents. ECF 7. On January 21, 2026, the Court extended the service deadline ninety days from the date of this order to April 21, 2026. Petitioner was directed to notify the Court expeditiously should personal service prove possible. Having received no update, the Court issues this opinion and accompanying order permitting Petitioner to effectuate service on Respondents pursuant to the "nail and mail" method.[6]

---

[6] Petitioner is of course free to email a copy of the complaint to the email address it has identified. However, the Court does not make that a requirement to effectuate service, nor does it approve email as a method of proper service as discussed *supra*.

9

## IV.    CONCLUSION

For the foregoing reasons, Petitioner's motion for alternative service, ECF 6, is granted in part. The deadline for service to be effectuated, now through the alternative means described above, remains on or before April 21, 2026. *See* ECF 10.

A separate implementing order will issue.

Dated: <u>March 13, 2026</u>                                      <u>        /s/        </u>
                                                                                Brendan A. Hurson
                                                                                United States District Judge

10